UNITED STATES of America, Plaintiff,

v.

James BECKETT, Reggie Lacewell, and Douglas Fred Williamson, Defendants.

Crim. A. No. 95–16–SLR.

United States District Court, D. Delaware.

June 16, 1995.

Thomas V. McDonough, Asst. U.S. Atty., Wilmington, DE, for the U.S.

James S. Green, of Duane, Morris and Hecksher, Wilmington, DE, for defendant James Beckett.

Christopher S. Koyste, Asst. Federal Defender, Wilmington, DE, for defendant Douglas F. Williamson.

## MEMORANDUM OPINION

SUE L. ROBINSON, District Judge.

### I. INTRODUCTION

Defendants are charged with several counts of distribution/aiding distribution of cocaine or cocaine base and conspiracy to distribute cocaine or cocaine base. Presently before the court is defendant Beckett's motion for the production of Brady materials and defendant Williamson's consolidated pretrial motion. (D.I. 45, 50) The issues have been briefed and are ripe for decision.

### II. DISCUSSION

Both motions before the court seek to compel the government to disclose certain information about the confidential informants involved in the prosecution of this case. The

government has agreed to provide much of the information requested, but several requests remain unfulfilled. Whether the government should reveal the following must be determined by the court: 1) the name and address of the informants; 2) a list of cases the informants worked on for both the state of Delaware and the federal government, and the role played by said informants; 3) the informants' criminal record; 4) any agreements between the informants and the government; 5) a list of all sums of money paid the informants by both the state of Delaware and the federal government; and 6) any statements made by the informants which relate to the above mentioned requests. (D.I. 45 at ¶ 7; 50 at ¶ 1)

■■■■ Defendants have no constitutional right to discovery in criminal cases. *Weatherford v. Bursey,* 429 U.S. 545, 559, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977). Specifically, the government has a limited privilege to withhold the identity of a confidential informant from disclosure. *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The purpose of this privilege "is the furtherance and protection of the public interest in effective law enforcement." *Id.* at 59, 77 S.Ct. at 627. However, the government is under a duty to volunteer evidence favorable to an accused or "obviously of such substantial value to the defense that elementary fairness requires it to be disclosed." *United States v. Agurs,* 427 U.S. 97, 110, 96 S.Ct. 2392, 2401, 49 L.Ed.2d 342 (1976); *Diggs v. Owens,* 833 F.2d 439, 443 (3d Cir. 1987). The United States Supreme Court has articulated the following balancing test to dictate when the government must make such a disclosure.

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for **balancing the public interest in protecting the flow of information against the individual's right to prepare one's defense.** Whether a proper balance renders nondisclosure erroneous must depend on the **particular circumstances of each case,** taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Roviaro,* 353 U.S. at 62, 77 S.Ct. at 628–29 (emphasis added). The Supreme Court further emphasized that protecting an informant's identity serves an important public interest in that it encourages citizens to supply the government with information concerning criminal activity. *Id.* at 59, 77 S.Ct. at 627; *United States v. Brown,* 3 F.3d 673, 679 (3d Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 615, 126 L.Ed.2d 579 (1993). A defendant may satisfy his burden and overcome the privilege by demonstrating that the informant is a material witness or that his or her testimony in crucial to his case. *Roviaro,* 353 U.S. at 64–65, 77 S.Ct. at 629–30; *United States v. Monroe,* 943 F.2d 1007, 1012–13 (9th Cir.1991), *cert. denied,* 503 U.S. 971, 112 S.Ct. 1585, 118 L.Ed.2d 304 (1992).

### Identity of Informants

Defendants request the name and address of the informants at issue. (D.I. 45 at ¶ 7(a); 50 at ¶ 3A) Beckett contends that this information should be discoverable because "[t]hese witness's [sic] credibility will play a major role in this case ... [such evidence will] assist and prepare his defense.... The informants were active participants in the transactions which form the basis for the charges against defendant.... [and] [t]he informants are accordingly material witnesses to the acts allegedly committed by the defendant...." (D.I. 45 at ¶¶ 3–4, 6; *see also* 50 at 1) Williamson adds that the informants possess exculpatory information, but does not elaborate on this alleged information. (D.I. 50 at ¶ 2)

■■■■ The government intends the informants to testify at trial. (D.I. 49 at ¶ 6; 52 at ¶ 1) However, it disputes Beckett's representation that their credibility is critical to the case given that two of the three transactions at issue were filmed on videotape. (*Id.*) Moreover, the government adds that because defendant Williamson has a long criminal history including convictions for assault, and is facing a maximum sentence of life in prison, the safety of the informants is at risk if such identifying information is revealed.

Defendants correctly indicate that the informants were active participants in the transactions at issue and not simply "tipsters" without relevant information. However, defendants have offered no specifics as to the alleged materiality of the informants' statements or the exculpatory information held by these alleged witnesses. Simply repeating the relevant test applicable to this case, without offering more, is insufficient to meet defendants' burden. *Brown*, 3 F.3d at 679 ("A defendant who merely hopes (without showing a likelihood) that disclosure will lead to evidence ... has not shown that disclosure will be relevant and helpful to the defense...."). Moreover, the authority offered by defendant Williamson for the proposition that, because the informants were not only "tipsters" but actual participants in the transaction, the revelation of their identity is required, is misplaced. While defendants correctly note that such a factor is important to the court's review, in the cases cited by the defendants the informants were not going to be called by the government to testify nor was the government going to provide any impeachment information to defendants. *Roviaro*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639; *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, *reh'g denied*, 386 U.S. 1042, 87 S.Ct. 1474, 18 L.Ed.2d 616 (1967). Thus, defendants were precluded from examining the informants in any form, and the only other witness to the transaction was a government agent. Such is not the case at bar. The government has indicated that it will call these witnesses at trial and that it will provide the defendants with appropriate impeachment material, as discussed *infra* one week prior to trial. Thus, unlike in *Roviaro* and *McCray*, defendants will have an opportunity to examine the informants in open court and impeach said witnesses.

## Previous Cases in Which Informants Have Been Involved

■ Defendants' request a list of cases, both state as well as federal, in which these witnesses have been involved as informants. (D.I. 45 at ¶ 7(c); 50 at ¶ 3B) Defendant Williamson also requests said information as to any evidentiary hearings or grand jury testimony of the informant. (D.I. 50 at ¶ 3C) The government represents that it will disclose the number of cases in which the informants have been involved, for both the Drug Enforcement Agency ("DEA") and the Dover Police Department ("DPD"), and the role played by the informants in each. (D.I. 52 at ¶ 3B; 49 at ¶ 7(c)) The court finds this an adequate solution which allows the defendants to impeach the informants without jeopardizing other investigations. Defendants also request the results of said cases. The court believes this is appropriate impeachment material and shall order the government to supply such information as well.[1]

## Criminal Records

■ Defendants request a copy of the informants' criminal record.[2] (D.I. 45 at ¶ 7(d)) The government states it will provide a list of the informants' prior criminal convictions, but will only disclose information concerning arrests which relates to impeachment material. (D.I. 49 at ¶ 7(d)) The government also indicates that it will provide defendants with any information concerning misconduct of the informants reflecting on their candor, truthfulness, or law abiding character. (D.I. 52 at ¶ 3H) The court shall accept the information the government has indicated it will disclose as adequate to meet the *Roviaro* test.

## Agreements Between Informants and the Government

■ Defendants next request copies of writings and/or materials which reflect any

---

1. Defendant Beckett also requests a list of case in which the informants have engaged in "informant type" activities. (D.I. 45 at ¶ 7(k)(i)–(v)) The court finds that the above information which will be supplied by the government is adequate.

2. Defendant Williamson's request is more detailed that Beckett's and seeks: documents listing the informants' criminal activity for which the government has elected not to prosecute; any records available reflecting the arrest and conviction history of the informants; and information concerning prior misconduct of the informants which reflects on their lack of candor, truthfulness, or law abiding character. (D.I. 50 at ¶¶ 3F–2H)

agreements between the informants and the government. (D.I. 45 at ¶ 7(e)) The government states that it will "provide copies of writings and/or materials, if they exist, to the extent that they pertain to 'agreements.'" (D.I. 49 at ¶ 7(e)) The government has also agreed to disclose "[a]ny information, whether or not memorialized in a memorandum, agent's report or other writing, regarding promises of immunity or leniency [or] preferential treatment or other inducements made to the confidential informants or to any other family member, friend or associate of the informant[s], in exchange for the informant[s'] cooperation, including the dismissal or reduction of charges, assisting in matters of sentencing or deportations, or promises or expectancies regarding payments for expenses or testimony or eligibility for award or reward." (D.I. 52 at ¶ 3E) Any promises made by the government in exchange for cooperation must be disclosed to the defendants. *See Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The court finds this representation broad enough to adequately protect the rights of defendants to prepare defense cases and, thus, will not require more information to be disclosed.

### Monies Paid to the Informants

 Defendants request a list of all monies paid to the informants by the state or federal government in connection with any undercover work done by the informants. (D.I. 45 at ¶ 7(e); 50 at ¶ 3D) The government agrees only to disclose monies paid to the informants by the DEA or the Dover Police Department. (D.I. 49 at ¶ 3(e)) Moreover, the government indicates that it is unaware of any other such information. (*Id.*) The court agrees with the government that the only relevant monies paid to the informants is that from the agencies aiding in the prosecution of this case.

### Other Statements by Confidential Informants

▪ Defendant Beckett requests the government disclose "[a]ny statements made, written or oral, or recorded by or of the informants referring to or relating to any of the aforementioned items." (D.I. 45 at ¶ 3(j)) The court agrees with the government that this request is overbroad. However, the court expects the government to fulfill its obligation to disclose any material required by the Jencks Act.[3]

## III. CONCLUSION

For the reasons stated herein, defendants' motions shall be denied in part and granted in part.

---

3. Defendant Williamson offers additional arguments to support full disclosure of information concerning the informants. (D.I. 58) He suggests that this court follow the example of the court in *United States v. Montgomery* and produce the informant for a pretrial interview. 998 F.2d 1468 (9th Cir.1993). *Montgomery*, however, is inapposite. That court held that the government's failure to produce the informant pursuant to a court order indicated it did not use reasonable efforts to ensure the informant's appearance. *Id.* The failure of the government to stay in contact with the informant lead to a trial in which the defendant could not examine said informant. *Id.* In the case *sub judice* such is not a concern in that the informants will be called to the stand by the government and the defendants will have an opportunity to examine them. Therefore, defendant Williamson's request for a pretrial interview shall be denied.

Similarly, the court rejects defendant Williamson's claim that *Government of Virgin Islands v. Martinez* compels the government to provide defendants with statements of the informants. 847 F.2d 125 (3d Cir.1993). In *Martinez*, the court held that the district court's denial of defendant's motion for the informant's identity was not an abuse of discretion because the government had provided defendant with a two page statement made by the informant regarding his involvement in the case. *Id.* at 128. In the case at bar the government is disclosing much the same material that was within the statements in *Martinez*. Therefore, the court does not feel that the defendants are entitled to an additional statement by the informants.